IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| WAYNE FUMEA,  Petitioner | : : : | Civil No. 3:13-cv-2463 |
| v. | : : | (Judge Mariani) |
| WARDEN DELBERT SAUERS,  Respondent | : : : | |

## MEMORANDUM

I. **Background**

On September 27, 2013, Petitioner, Wayne Fumea, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241 challenging prison disciplinary proceedings at the Allenwood Low Security Correctional Institution in White Deer, Pennsylvania ("FCI-Allenwood Low"). (Doc. 1). For relief, Petitioner requests that the Court order the Bureau of Prisons ("BOP") to expunge the incident report from his record, reinstate forty-seven (47) days of good conduct time, award him one (1) day of good conduct time "for each day he spent in segregation for this incident (60 days)," and any further relief deemed appropriate by the Court. (*Id.* at p. 8). At the time his petition was filed, Petitioner was incarcerated at FCI-Allenwood Low. (*Id.*).

On November 12, 2015, Respondent filed a suggestion of mootness stating that Petitioner was released from federal custody on December 24, 2014, *via* good conduct time release. (Doc. 10-1, Declaration of Michael S. Romano). Respondent argues that the habeas petition is therefore moot. (Doc. 10, p. 2) (citing *Blanciak v. Allegheny Ludlum*

Corp., 77 F.3d 690, 698-99 (3d Cir. 1996) ("If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.")). For the reasons set forth below, the habeas petition will be dismissed as moot.

II.     **Discussion**

Article III of the United States Constitution provides that the "judicial power shall extend to. . . cases. . . [and] to controversies." U.S. Const. art. III, § 2. "This grant of authority embodies a fundamental limitation restricting the federal courts to the adjudication of 'actual, ongoing cases or controversies.'" *County of Morris v. Nationalist Movement*, 273 F.3d 527, 533 (3d Cir. 2001) (citing *Khodara Envtl., Inc. v. Beckman*, 237 F.3d 186, 192-93 (3d Cir. 2001)). "The mootness doctrine is centrally concerned with the court's ability to grant effective relief: 'If developments occur during the course of adjudication that eliminate a plaintiff's personal stake in the outcome of a suit or prevent a court from being able to grant the requested relief, the case must be dismissed as moot.'" *Nationalist Movement*, 273 F.3d at 533 (quoting *Blanciak*, 77 F.3d at 98-99). Furthermore, "the requirement that an action involve a live case or controversy extends through all phases of litigation, including appellate review. See *Khodara Envtl.*, Inc., 237 F.3d at 193 (citing *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 110 S.Ct. 1249, 108 L.Ed.2d 400 (1990))." *Nationalist Movement*, 273 F.3d at 533. Once a petitioner has been released from custody,

"some continuing injury, also referred to as a collateral consequence, must exist for the action to continue." *Burkey v. Marberry*, 556 F.3d 142, 147 (3d Cir. 2009).

Fumea's petition for writ of habeas corpus has been rendered moot by virtue of his release from federal custody *via* good conduct time release. The Court can no longer grant Fumea the relief requested, namely, reinstatement and award of good conduct time. "Good time credits affect the timing of an inmate's conditional release from prison, but they do not alter the sentence itself." *Scott v. Schuylkill FCI*, 298 Fed. Appx. 202, 204 (3d Cir. 2008). Thus, once a prisoner serves his entire term of imprisonment and is released from federal custody, his § 2241 petition challenging a prison disciplinary hearing which resulted in a loss of good time credit is subject to dismissal on the basis of mootness. *See id.* Fumea has been released from custody and, therefore, he cannot demonstrate any continuing collateral consequences or injury. As there is no longer a live case or controversy, the instant petition for writ of habeas corpus will be dismissed as moot.

A separate Order will be issued.

Date: November 12, 2015

Robert D. Mariani
United States District Judge